

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-4-2009

# USA v. Herbert Ballard

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4399

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Herbert Ballard" (2009). *2009 Decisions.* Paper 1930.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1930

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-4399

UNITED STATES OF AMERICA

v.

HERBERT LAMONT BALLARD,

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 06-cr-00042)
District Judge: Honorable Arthur J. Schwab

Submitted Under Third Circuit LAR 34.1(a)
January 27, 2009

Before: SCIRICA, Chief Judge, AMBRO, and SMITH, Circuit Judges

(Opinion filed: February 4, 2009)

OPINION

AMBRO, Circuit Judge

Herbert Lamont Ballard pled guilty to conspiracy to commit bank fraud and pass

counterfeit securities, and was sentenced to 41 months of imprisonment. He now

appeals.[1]  Ballard's attorney has filed a motion to withdraw as counsel, along with a brief

pursuant to *Anders v. California*, 386 U.S. 738 (1967).  We grant the motion and affirm

both Ballard's conviction and sentence.

I.

Because we write solely for the parties, we recite only those facts necessary to our

decision.  Ballard was indicted in February 2006 and charged with one count of

conspiracy under 18 U.S.C. § 371.  The indictment alleged that Ballard received

counterfeit checks from another individual and then passed those checks on to persons

who, at his direction, proceeded to cash them at various retail and financial institutions.

Ballard was arrested and entered a plea of not guilty.  In June 2006, Ballard changed his

plea to guilty pursuant to a plea agreement reached with the United States Attorney's

Office.  As part of that agreement, Ballard waived his right to a direct appeal of his

conviction or sentence except on specifically enumerated grounds.  The District Court

accepted the guilty plea after an extended plea colloquy.

A presentence investigation report was prepared.  It assigned Ballard an offense

level of 13[2] and a criminal history category of VI, resulting in a Sentencing Guidelines

range of 33 to 41 months.  Ballard (through his attorney) requested a sentence within the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] This was calculated by using a base offense level of 6, plus 10 additional levels for the amount of loss stipulated to and Ballard's leadership role in the conspiracy, and a 3-level reduction due to his acceptance of responsibility.

Guidelines range. In September 2006, he received a sentence of 41 months' imprisonment and was ordered to pay $17,242.15 in restitution.

Ballard filed a notice of appeal to this Court. As noted, his attorney made a motion to withdraw her representation and filed a corresponding *Anders* brief. Ballard filed a *pro se* brief.

## II.

Our rules provide that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. LAR 109.2(a). If we concur with trial counsel's assessment, then we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* Accordingly, our "inquiry when counsel submits an *Anders* brief is . . . twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

## A.

In her *Anders* brief, Ballard's attorney identifies four potential issues for appeal: (1) whether the District Court had jurisdiction; (2) whether the guilty plea was knowing and voluntary and had a sufficient factual basis; (3) whether the sentence was reasonable; and (4) whether the waiver of appellate rights was knowing and voluntary.

We agree that none of these grounds for appeal has legal merit. There is no basis for challenging the District Court's jurisdiction—Ballard pled guilty to a federal crime (conspiracy). In addition, we are satisfied that Ballard's guilty plea was knowing and voluntary. The record shows that the District Court thoroughly and accurately informed Ballard of the charges against him, the rights he would forgo by entering a guilty plea, the maximum possible penalty, and the nature of the Sentencing Guidelines, and that the Court adequately questioned Ballard about the factual basis of his guilty plea. That was sufficient to satisfy the requirements of Federal Rule of Criminal Procedure 11(b). *See United States v. Schweitzer*, 454 F.3d 197, 202–03 (3d Cir. 2006). Similarly, we agree that the sentence imposed was reasonable; the Court adopted the presentence investigation report that was accepted by both parties, gave meaningful consideration to the pertinent 18 U.S.C. § 3553(a) factors, and then imposed a sentence within the Guidelines range. That is all our case law requires. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).

Finally, we agree that, due to the waiver contained in Ballard's plea agreement, he is barred from bringing a direct appeal, subject to three exceptions not applicable here: (1) the Government appeals; (2) the sentence exceeds the statutory maximum; and (3) the sentence unreasonably exceeds the Guidelines range. "Waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001). Here, we are satisfied that Ballard's

4

waiver was knowing and voluntarily, as the District Court thoroughly explained the waiver and its consequences to Ballard before accepting it.

In sum, we agree that none of the possible appellate grounds identified by Ballard's counsel is nonfrivolous.

B.

In his *pro se* brief, Ballard raises an additional issue—whether the District Court wrongly sentenced him based on facts not alleged in the indictment. Under the Sentencing Guidelines, the base offense level for Ballard's conspiracy violation was 6. U.S.S.G § 2B1.1(a)(2). But Ballard also received a 6-level increase based on a stipulated loss amount of between $30,000 and $70,000. U.S.S.G § 2B1.1(b)(1)(D). However, the indictment only charged Ballard with causing $14,700.10 in loss, which corresponds to a 4-level increase. U.S.S.G § 2B1.1(b)(1)(C). Had the loss amount charged in the indictment been used, Ballard would have been assigned an offense level of 11, which, when combined with his criminal history category, would have resulted in a Sentencing Guidelines range of 27 to 33 months, not 33 to 41 months. U.S.S.G. ch. 5 pt. A, Sentencing Table. Accordingly, Ballard contends that he is entitled to a sentence within the lower Guidelines range.

He makes three separate arguments in support of that contention. The first is that the District Court lacked jurisdiction to impose a sentence on him based on facts not alleged in the indictment. This is incorrect. The Supreme Court has rejected the position

5

that a federal court's power to impose a sentence is defined by the scope of the indictment. *See United States v. Cotton*, 535 U.S. 625, 631 (2002) (reversing *Ex parte Bain*, 121 U.S. 1 (1887)). The kind of discrepancy Ballard points to only becomes a basis for challenge when the facts omitted from the indictment enhanced the statutory maximum sentence.[3] *Cotton*, 535 U.S. at 631–32. That did not occur here.

Second, Ballard argues that the District Court erred in not independently verifying the facts he admitted at sentencing. The Court was not required to perform that analysis, however. It is true that, "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). But for the facts presented in the presentence report, the District Court need only make an independent determination if they are disputed. Fed. R. Crim. P. 32(i)(3)(B). Here, Ballard did not contest any facts alleged in the presentence report. The rules expressly provide that the District Court "may accept any undisputed portion of the presentence report as a finding of fact[.]" Fed. R. Crim. P. 32(i)(3)(A). Accordingly, the District Court did not err in accepting the facts to which the parties stipulated.

Finally, Ballard argues that his trial counsel was constitutionally ineffective for failing to dispute the amount of loss alleged in the presentence report and that he is therefore entitled to be restored to the position he would have been in had he received

---

[3] Even then, the discrepancy is subject to "plain error" review, at least where, as here, it was not preserved before the District Court. *Cotton*, 535 U.S. at 631.

6

adequate representation.  We take no position on this issue, as such a claim is not properly presented at the direct appeal stage, at least where (as here) the record is insufficient to allow determination on the issue.  *See United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003).

In sum, none of the arguments Ballard presents on his own behalf is persuasive (or, in the case of the ineffective assistance of counsel claim, ripe for decision), even apart from the issue of whether his appellate waiver bars us from considering them.

### III.

In this context, we are not persuaded that any challenge raised by Ballard or his counsel would ultimately be successful (at least not at the direct appeal stage).  Thus, we affirm both Ballard's conviction and sentence.  In addition, we grant counsel's motion to withdraw and certify that the issues presented in the appeal lack legal merit and thus that counsel is not required to file a petition for writ of certiorari with the Supreme Court.  3d Cir. LAR 109.2(b).